**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )    **Criminal No.  19-135** |
| | ) |
| **QUANTEL SEARCY** | ) |

<u>**Memorandum Order**</u>

Pending before the Court is the Government's Appeal of the Magistrate Judge's a July

28, 2021 Order Setting Conditions of Release of Defendant Quantel Searcy.  In light of Mr.

Searcy's important liberty interest, the Court's review has been expedited.

**I.      Background**

Mr. Searcy, along with eight codefendants, is charged with four counts, in a twenty-four

count Indictment alleging violations of the Controlled Substances Act.  ECF No. 3.  In Count 1

he is charged with conspiracy to distribute and possess with intent to distribute five kilograms or

more of cocaine and two-hundred and eighty grams of crack cocaine, from in and around 2017 to

in and around May 2019.  In Counts 22, 23, and 24, he is charged with three counts of

distribution and possession with intent to distribute a quantity of cocaine on February 9, 2017,

May 4, 2017, and July 7, 2017.  <u>Id.</u>

Mr. Searcy was arrested on May 13, 2019.  He waived an initial detention hearing, as he

was subject to a state detainer at the time.  The detainer having expired, Mr. Searcy requested a

detention hearing, which was held before Magistrate Judge Maureen Kelly on July 28, 2021.  At

said hearing, testimony was heard from Mr. Searcy's Pennsylvania State Parole Officer, Brian

Babuski, and Randi Gibson, Mr. Searcy's proposed third-party custodian.  At the close of the

hearing, Magistrate Judge Kelly found that there were conditions that could be imposed that

would reasonably assure the safety of the community and Mr. Searcy's appearance at trial.  This

Court held a de novo detention hearing on August 5, 2021.  No witnesses testified at the hearing; however, Mr. Babuski and Ms. Gibson were both available for questioning, if necessary.  The Court has thoroughly reviewed Mr. Searcy's Memorandum in Support of Release on Conditions and attached exhibits (ECF No. 728), the Transcript from the July 28, 2021 Detention Hearing (ECF No. 743) including the exhibits entered at said hearing, and the Pretrial Services Bond Report.

## II.   Standard of Review

Review by a District Court of a United States Magistrate Judge's decision regarding pretrial detention is governed by 18 U.S.C. § 3145, which states in pertinent part:

> **(a) Review of a release order**.--If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court-
> -
>> **(1)** the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release  . . .

The motion shall be determined promptly.

18 U.S.C. § 3145(a)(1).  The Courts' review is de novo.  United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985).  The Court is not required to hold an independent evidentiary hearing and may incorporate the transcript of the proceedings before the Magistrate Judge, including any exhibits admitted therein.  United States v. Chagra, 850 F.Supp. 354, 357 (W.D. Pa.1994).

There is a presumption of detention in cases, such as this one, where the defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed by the Controlled Substances Act ( 21 U.S.C. §§ 801-904), so long as "the judicial officer finds that there is probable cause to believe that the person committed" said offense.  18 U.S.C. § 3142(e)(3).  A defendant may rebut the presumption of detention by presenting "some

credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). "The defendant's burden of production is relatively light and has been construed as easy to meet." Chagra, 850 F. Supp. at 357. (citation omitted). If the defendant rebuts the presumption, the burden is on the government to establish that the defendant presents either a risk of flight or a danger to the community. Id. In "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must "take into account the available information concerning" the following:

> (1) the nature and circumstances of the offense charged, . . .;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including—

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

**III.    Discussion**

The Court finds Mr. Searcy has not produced credible evidence to overcome the presumption that there is no condition or combination of conditions that will reasonably assure

the safety of any person or the community.  A review of the section 3142(g) factors demonstrates that detention is warranted in this case.

A.      **Section 3142(g) Factors**

1.      **Nature and Circumstances of the Offense**

Mr. Searcy's drug charges are serious and carry significant penalties, including a mandatory minimum 15-year sentence.  He is charged with being a member of a large-scale and wide-ranging conspiracy to unlawfully distribute and possess with the intent to distribute cocaine and crack cocaine.  He also is charged with three instances of distribution and possession with intent to distribute cocaine.  This factor weighs in favor of detention.

2.      **Weight of the Evidence**

The weight of the evidence against Mr. Searcy is strong.  Notwithstanding Mr. Searcy's contention that the evidence as to his participation appears to be not as significant as other members, such argument does not demonstrate that the evidence against him as a member of this large-scale conspiracy is weak.  This factor weighs in favor of detention.

3.      **History and Characteristics of the Defendant**

At both the detention hearing before Magistrate Judge Kelly, and at argument before this Court, Mr. Searcy's presentation focused on demonstrating that Mr. Searcy is not a flight risk and will appear as required.  The Court acknowledges that he has strong ties to the community. As to Mr. Searcy's health, he suffers from high blood pressure, hip pain, issues with his vision, lumps in his elbow, tooth loss, arthritis in his back, and sleep apnea.  He has no history of mental health diagnosis or treatment nor substance abuse or treatment.  Mr. Searcy's record of employment is fairly good.  He was employed as a Clinical Manager Aide at the time of his arrest by George Junior Republic.  His supervisor has submitted a letter stating that he is a

valuable employee, a great influence, and is reliable and dependable.  Mr. Searcy also argues his prior convictions are stale and that, at age 48, he is not presently the type of person who would commit a crime if released on the proposed conditions of release.  In sum, he argues that he does not pose a danger to the community.

Mr. Searcy's criminal history, however, weighs against him.  He was convicted in 1993, 1996, and 2003 of fleeing or attempting to elude law enforcement.  Despite the fact that Mr. Searcy was 21, 23, and 29, respectively, at the time of said offenses, they are concerning as evidence of danger to the community.  In 2000, he was convicted of Driving Under the Influence of a controlled substance.  He was convicted of controlled substance chares in 1993, 2001, and 2006.  Four of his convictions occurred while he was on state parole.  He was sentenced to 84 to 168 months' imprisonment for the 2006 conviction.  He was released from this sentence sometime in 2014.  Thus, Mr. Searcy was unable to commit crimes while he was imprisoned from 2007 to 2014.  He is alleged to have committed the instant offenses while on state parole for the 2006 conviction.  Further, the allegations in the Indictment charges that Mr. Searcy engaged in criminal conduct for over two years, from at least February 9, 2017 up to the date of his arrest in May 2019.  Finally, the instant controlled substances charges are the same type of crime for which he served the minimum 84-month sentence.  All told, Mr. Searcy's history and characteristics weigh in favor of detention.

### 4.     Nature and Seriousness of the Danger Posed

Initially, the Court notes that the Indictment charging the instant offenses is evidence that Mr. Searcy is a danger to the community.  That is why the presumption of detention arises in the first place.  United States v. Strong, 775 F.2d 504, 506 (3d Cir. 1985) ("Congress intended to equate traffic in drugs with a danger to the community").  Safety of the community is implicated

not only by violence, but also by narcotics trafficking.  In cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs."  <u>United States v. Rice</u>, No. 17-1450, 2017 WL 6349372, at *7 (W.D. Pa. Dec. 13, 2017). Mr. Searcy's criminal history, as detailed above, strongly indicates a propensity to commit crimes.  Moreover, he has shown a disregard for conditions of release by his history of committing crimes while under supervision.  The evidence demonstrates that he will likely not comply with conditions of release imposed by this Court and he will likely continue to commit crimes.  The nature and seriousness of the danger posed by Mr. Searcy, if released, weighs in favor of detention.

**IV.**          **Conclusion**

        Weighing the statutory factors in light of the evidence and testimony introduced at the July 28, 2021 detention hearing, the evidence of record, and the arguments presented by counsel before this Court, the Court finds that Mr. Searcy has not overcome the presumption of detention.  The Court further finds that no condition or combination of conditions could reasonably assure that Mr. Searcy would not pose a danger to the community if released.  The Court therefore vacates the Order of Release and Orders that Mr. Searcy be detained pending trial.

Dated: <u>August 6, 2021</u>

_____
    Marilyn J. Horan
    United States District Court Judge