IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-135 |
| | ) |
| QUANTEL SEARCY | ) |

### Opinion and Order on Motion to Suppress
### Evidence Obtained Related to Cell Phone Call Detail Records

Presently before the Court is Defendant Quantel Searcy's Motion to Suppress Evidence obtained in relation to a search warrant for cell phone call detail records from a Verizon Wireless cellphone. ECF No. 582. The Government filed a Response to the Motion, to which Mr. Searcy filed a Reply. ECF Nos. 609 & 613. A hearing on the Motion was held on May 11, 2021. ECF No. 665. At that time the parties stipulated that the Motion should be held in abeyance to permit them to review the evidence and report to the Court whether a hearing was necessary. ECF No. 666. On May 21, 2021, the parties filed a Joint Status Report stating that it was necessary to proceed with the hearing. ECF No. 669. A hearing on the Motion to Suppress was held on July 13, 2021. ECF No. 712.

**I.     Background**

Mr. Searcy, along with eight codefendants, is charged in a twenty-four count Indictment alleging violations of the Controlled Substances Act. ECF No. 3. Mr. Searcy is charged in Count 1 with conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, from in and around 2017 to in and around May 2019, and in Counts 22, 23, and 24, he is charged with three counts of distribution and possession with intent to distribute cocaine.

1

In connection with the investigation in this case, New Castle City Police applied for and obtained a search warrant for Verizon Wireless call detail records of a cell phone associated with Quantel Searcy. Aff. Prob. Cause, Apr. 17, 2017, Ex. 2 to Mot. Supp., ECF No. 582-2 (also entered as Ex. 1 at Mot. Hrg. July 14, 2021); Search Warrant, Apr. 7, 2017, Ex. 1 to Mot. Supp., ECF No. 582-1. In the Affidavit of Probable Cause, Detective Richard J. Ryhal of the New Castle City Police Department set forth his general background, experience and training. ECF. No. 582-2, ¶¶ 1-4. Specific to justification for the search warrant as to Quantel Searcy's cell phone, Detective Ryhal stated as follows:

> 6. On 09 February 2017, your affiant along with Lawrence County District Attorney's Office Drug Task Force completed a controlled purchase of 14.7 grams of cocaine from Quantel SEARCY utilizing a confidential informant CI . . . . A consensually recorded phone call was placed by the CI to Quantel SEARCY at 724-856-5165 to set up the controlled purchase. The CI has purchased cocaine from SEARCY four to five times over the last two month period. The CI last purchased a half of an ounce of cocaine for seven hundred dollars from SEARCY approximately three weeks prior.
>
> 7. Your affiant has also utilized the CI in additional ongoing investigations and provided information in the past that has proven to be true, correct, corroborated by your affiant, and led to successful prosecutions. The CI's name, date of birth, social security number, and current whereabouts are known to your affiant. The CI wished to remain anonymous for his/her safety and fear of reprisals against his/her self, family, and or property.
>
> 8. Your affiant through this investigation queried phone number 724-856-5165 and found it to be a phone number from Verizon Wireless assigned to Quantel SEARCY.
>
> 9. Based on the above stated probable cause combined with the totality of the circumstances, your affiant believes that this telephone bearing phone number 724-856-5165 is being used to commit violations of the Drug Device and Cosmetic Act, and would request that a sealed search warrant be issued for the call detail records from Verizon Wireless.

ECF No. 582-2, ¶¶ 6-9. The search warrant authorized law enforcement to obtain the following information from Verizon Wireless:

> Subscriber Information, Call Detail Records, Tolls, Bill Copies, Payment History, and Copy of Service Application from telephone bearing phone number 724-856-5165 from September 7, 2016 to April 7, 2017.

ECF No. 582-1. In Response to the Search Warrant, Verizon Wireless provided the requested information for the cell phone dating from September 7, 2016 to April 7, 2017. In addition, Verizon Wireless voluntarily provided Cell Site Location Information (CSLI) for the applicable seven-month time period. Such CSLI was <u>not</u> sought or requested by the Government.

## II.   Discussion

Mr. Searcy first argues that the Affidavit of Probable Cause is insufficient because it includes no information on which a magistrate judge evaluating the Affidavit could determine that there is link between drug dealers and the abstract use of cell phones. Next, he argues that the Affidavit of Probable Cause is insufficient because it includes the misleading suggestion that Quantel Searcy physically delivered the drugs to the CI on February 9, 2017, when he did not. He also argues that the sole paragraph referencing the February 9, 2017 drug transaction is demonstrably inaccurate and misleading as to the time frame of the alleged illegal drug activity.

To the extent that the Search Warrant is deemed valid, Mr. Searcy argues that the scope of the search warrant should be narrowly limited to seizure of information related to the February 9, 2017 transaction identified in the Affidavit. In this regard, he argues that the Search Warrant is overbroad in requesting information spanning five-months before, and two months after, the February 9, 2017 transaction. Finally, with respect to the CSLI, Mr. Searcy correctly asserts that he has a reasonable expectation of privacy in such information, and therefore, requests that all CSLI should be suppressed. <u>Carpenter v. United States</u>, __ U.S. __, ___ & n. 3, 138 S. Ct. 2206, 2217 & n. 3, 201 L. Ed. 2d 507 (2018) (holding that, for Fourth Amendment purposes, "an individual maintains a legitimate expectation of privacy in the record of his physical movements

3

as captured through CSLI," and holding "that accessing seven days of CSLI constitutes a Fourth Amendment search").

### A.     Nexus between Drug Dealers and Cell Phone Use

Mr. Searcy argues that the Affidavit of Probable Cause lacks sufficient information to establish a nexus between drug dealing and the use of a cell phone. The only reference to Mr. Searcy's cell phone being used in connection with a drug transaction is on February 9, 2017. There are no statements to the effect that the affiant has experience, training, or knowledge that drug dealers commonly use cell phones to conduct drug transactions. In order to establish probable cause to search Mr. Searcy's cell phone records for the requested seven-month time span, Mr. Searcy argues that more information is needed in the Affidavit. The Court agrees with the Government that a neutral detached magistrate in the exercise of common sense would understand that drug dealers commonly use cell phones to commit drug transactions.

### B.     Inaccurate and Misleading Statements

"The Fourth Amendment prohibits the intentional or reckless inclusion of a material false statement (or omission of material information) in a search-warrant affidavit." United States v. Pavulak, 700 F.3d 651, 665 (3d Cir. 2012), citing United States v. Yusuf, 461 F.3d 374, 383–84 (3d Cir. 2006). The inclusion of materially false statements or reckless omissions of material facts render search warrants invalid under Franks v. Delaware, 438 U.S. 154, 155-56 (1978). A defendant may be entitled to a Franks hearing if he is able to make a "substantial preliminary showing" that the affiant knowingly or recklessly omitted facts from the affidavit (or included a false statement in the affidavit) and is able to demonstrate that the omitted facts (or false statements) are "necessary to the finding of probable cause." Pavulak, 700 F.3d at 665, quoting Yusuf, 461 F.3d at 383–84. In addition to finding that the statements were false or recklessly or

knowingly omitted from the affidavit, the court must also determine whether the missing statements were "material, or necessary, to the finding of probable cause." Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997).

### 1. Physical Delivery of Drugs to the CI

As a factual matter, the New Castle City Police Investigative Report documenting the February 9, 2017 transaction states that a third-party, not Quantel Searcy, completed the transaction by handing the half ounce of cocaine to the CI. Ex. 3, entered at July 13, 2021 hearing, at ¶ 8. The applicable portion of Paragraph 6 of the Affidavit of Probable Cause, dated April 7, 2017, states:

> 6. On 09 February 2017, your affiant along with Lawrence County District Attorney's Office Drug Task Force completed a controlled purchase of 14.7 grams of cocaine from Quantel SEARCY utilizing a confidential informant CI . . . .

ECF No. 582-2 at ¶ 6. Mr. Searcy argues that Paragraph 6 is misleading to the extent it omits the fact that a third-party completed the drug transaction, leaving the impression that Mr. Searcy handed the half-ounce of cocaine to the CI. The Court cannot conclude that the statement is misleading. The statement in the Affidavit of Probable cause accurately states, consistent with the February 9, 2017 police report, that the officers "completed a controlled purchase of 14.7 grams of cocaine from Quantel SEARCY utilizing a confidential informant CI." ECF No. 582-2 at ¶ 6. Because there was no inclusion of any false statement or omission of a material fact, no further analysis is necessary. Mr. Searcy's argument therefore lacks merit.

### 2. Time Frame of Alleged Drug Transactions

Mr. Searcy next argues that Paragraph 6 is inaccurate and misleading because, by its plain terms, it incorrectly informs the evaluating magistrate judge that the CI has purchased cocaine from Mr. Searcy multiple times in the two months prior to April 7, 2017, with the last

transaction occurring "three weeks prior" to April 7, 2017.  Mr. Searcy argues that the inaccuracy and misleading nature of the statement is demonstrated by comparing it with nearly identical language included in the February 9, 2017 police report documenting the transaction. In that report, the SYNOPSIS section states:

> A controlled purchase of cocaine utilizing CI . . . from "QDIDDY" ("QDIDDY" is known to the CI and detectives though investigations as QUANTEL SEARCY) at an unknown location in New Castle, Lawrence County, Pennsylvania.  The CI has purchased cocaine from Quantel four to five times over the last two month period.  The CI last purchased a half of an ounce of cocaine for seven hundred dollars from Quantel approximately three weeks prior to the aforementioned date (02/09/2017).

Ex. 3, at 1 (SYNOPSIS).  The Court has already dealt with this issue in a slightly different context in resolving Mr. Searcy's Motion to Suppress Evidence Obtained from Mobile Tracking Device.  Op. and Order, at 2-5, May 13, 2021, ECF No. 667.  There, the same or similar language was also used in an Affidavit of Probable Cause dated May 7, 2017.  ECF No. 851-1, at ¶ 21.  The Government conceded that the language used in both the May 7, 2019 Affidavit and in Paragraph 6 of the April 7, 2017 Affidavit was inaccurate.  ECF No. 667, at 2 (referring to the May 11, 2021 motion hearing).  Relevant to the April 7, 2017 Affidavit, the Court stated in its prior Opinion that the "statement included in the February 7, 2017 Police Report is not being challenged as inaccurate as of February 7, 2017, but the same statement included in the May and April 2017 Affidavits is conceded to be inaccurate."  ECF No. 667, at 3.  As noted in the Opinion, the "inaccurate statements [] appear to have been innocently carried over from the February 7, 2017 Police Report to the April 7, 2017 Affidavit, and then again to the May 7, 2017 Affidavit."  Id.

Having determined that the statements in the April 7, 2017 Affidavit are inaccurate, the question for the Court is whether a reasonable person (the affiant) would know that, in an affidavit seeking to obtain a search warrant for cell phone records from September 7, 2017 through April 7, 2017, that the judge evaluating the affidavit would want to know whether the most recent time the CI engaged in a drug transaction with the target was three weeks prior to April 7, 2017, or in fact, that the most recent drug transaction actually occurred two months earlier on February 9, 2017.  The same question applies to whether the judge evaluating the affidavit would want to know that four to five drug transactions between the CI and Mr. Searcy occurred between February and April 2017, or that the four to five transactions actually occurred between December 2016 and January 2017.  As in the prior Opinion, the Court concludes that a reasonable person would know that a judge reviewing an affidavit in support of an application for a search warrant would want to be told accurate information as to when a CI engaged in drug transactions with an alleged drug trafficker.  In addition, the Court finds that the affiant here had obvious reasons to doubt the truth of the inaccurate statement.  Therefore, the Court will consider whether the inclusion of the inaccurate information and the omission of the factual information was material or necessary to the finding of probable cause.

The materiality of omissions and false statements is determined by "excis[ing] the offending inaccuracies and insert[ing] the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Wilson, 212 F.3d at 789, citing Sherwood, 113 F.3d at 399.  The excision and insertion in this case concern the same facts as to when the drug transactions occurred.  Thus, to correct the Affidavit, the inaccurate information in Paragraph 6 is omitted and replaced with accurate information.  The corrected Affidavit statement, with insertions in bold, is as follows:

> 6. On 09 February 2017, your affiant along with Lawrence County District Attorney's Office Drug Task Force completed a controlled purchase of 14.7 grams of cocaine from Quantel SEARCY utilizing a confidential informant CI . . . . A consensually recorded phone call was placed by the CI to Quantel SEARCY at 724-856-5165 to set up the controlled purchase. The CI has purchased cocaine from SEARCY four to five times **in December 2016 and January 2017** ~~over the last two month period~~. The CI last purchased a half of an ounce of cocaine for seven hundred dollars from SEARCY approximately three weeks prior **to February 9, 2017, or on or about January 17, 2017**.

The corrected Affidavit accurately informs the evaluating judge that the CI's prior four to five drug transactions with Quantel Searcy occurred in December 2016 and January 2017, with the last transaction occurring on or about January 17, 2017. This information is important to the evaluating judge as the corrected Affidavit informs the judge that the drug transactions were not recent, having occurred no later than February 9, 2017. Furthermore, the accurate information raises the possibility that an evaluating judge would consider whether the information was too dated to affect probable cause. Having considered the question, the Court concludes that the corrected Affidavit does establish sufficient probable cause for issuance of the search warrant in this case.

      The Court finds that a neutral detached judge reviewing the corrected Affidavit in a commonsense manner and considering all the circumstances would conclude that probable cause had been established. The corrected Affidavit accurately informs a judge that on February 9, 2017, the CI had completed an undercover drug buy coordinated with Quantel Searcy and that the CI had engaged in four to five prior drug transactions with Quantel Searcy over a two-to three-month time period. In addition, the judge would further know that the affiant had used the CI in other investigations, the CI had provided truthful information in said investigations as was corroborated by the affiant, and that the CI's prior information had led to successful prosecutions. Finally, the information, regarding the nature of the investigation, as reflected in

the corrected Affidavit, provides a sufficient and reasonable basis for an evaluating judge to believe that the investigation of Mr. Searcy was active as of April 7, 2017.  Said information resolves any question of staleness.  Therefore, the Court finds that the inclusion of the CI's inaccurate statement and the omission of an accurate statement does not eliminate probable cause; therefore, the inaccuracy was not material to the finding of probable cause.

### C. Reasonableness of the Time Frame of the Search Warrant

The search warrant was authorized to search and seize seven months of cell phone information dating from September 7, 2016 through April 7, 2017.  Mr. Searcy argues that this request is overbroad, and that the search warrant should be narrowly limited to cell phone information related only to the February 9, 2017 transaction identified in the Affidavit.  Except for CSLI, however, Mr. Searcy "'has no legitimate expectation of privacy in information he voluntarily turns over to third parties'" and therefore "'assume[s] the risk'" that the company's records "'would be divulged to police.'"  Carpenter, ___ U.S. at ___, 138 S. Ct. at 2216 (quoting Smith v. Maryland, 442 U.S. 735, 743-44, 745 (1979).  Therefore, Mr. Searcy lacks standing to assert a Fourth Amendment challenge to the scope of the seizure of his cell phone records.  United States v. Bowers, No. CR 18-292, 2021 WL 2875504, at *2 (W.D. Pa. July 8, 2021) (quoting United States v. Brewer, 708 Fed. App'x. 96, 99 (3d Cir. 2017) ("A search does not occur for Fourth Amendment purposes unless the individual challenging the search 'manifested a subjective expectation of privacy' in the object searched, and society recognizes that expectation as reasonable").  Thus, the question of whether the request for seven-months of cell phone information was unreasonable is moot.

### D. Protected Cell Site Location Information

The United States Supreme Court has held that for Fourth Amendment purposes "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI." Carpenter, __ U.S. at ___, 138 S. Ct. at 2217. However, the CSLI information the Government received in this case is not subject to suppression. Verizon Wireless voluntarily provided Mr. Searcy's CSLI to the Government. United States v. Jacobsen, 466 U.S. 109, 115 (1984) (invasion of person's privacy interest, whether accidental or deliberate, whether reasonable or unreasonable, "did not violate the Fourth Amendment because of [its] private character"). The Supreme Court has "'held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by [it] to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in a third party will not be betrayed.'" Id. at 117 (quoting United States v. Miller, 425 U.S. 435, 443 (1976). In addition, the Fourth Amendment is not implicated where the Government did not engage in misconduct or unlawfully exceed the scope of the search warrant in obtaining protected information. Jacobsen, 466 U.S. at 117-18. Presently, the Government did not request or seek a search warrant for the CSLI for Mr. Searcy either directly or through the service of the search warrant. The provider voluntarily delivered the CSLI without any exercise of authority by or on behalf of the Government. Therefore, no Fourth Amendment violation occurred. Accordingly, Mr. Searcy's Motion to Suppress CSLI information will be denied.

## II. Conclusion

In summary, and for the reasons stated above, Quantel Searcy's Motion to Suppress Evidence obtained in relation to a search warrant for call detail records of a Verizon Wireless cellphone (ECF No. 582) is DENIED.

IT IS SO ORDERED:

Dated: August 16, 2021

Marilyn J. Horan
United States District Court Judge